UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EVANS,<br><br>           Plaintiffs<br><br>    v.<br><br>LISA CARLOCK, *et al.*,<br><br>           Defendants. | Case No. 1:18-cv-00440-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Richard Evans ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on April 2, 2018, is currently pending before the Court for screening. (ECF No. 1.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

1

572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff Allegations

Plaintiff is currently housed at the Substance Abuse Treatment Facility in Corcoran, California. Plaintiff names the following defendants: (1) Officer Lisa Carlock, (2) Officer Stephen Brown, (3) Officer Bryan Hamilton (police officers with the Suisun Police Department); (4) Solano County Prosecutor Llana Jacobs, (5) Solano County Public Defender Sara Johnson, (6) Solano County Judge Jeffrey Tauber; (7) Solano County Judge Wendy Getty, (8) Solano County Appellate Attorney John Schuck; and (9) the First District Court of Appeal.

Plaintiff alleges that the Suisun Police Officers Carlock, Brown, and Hamilton committed perjury and falsified evidence during his July 26, 2016 preliminary hearing by planting images and videos on his laptop and altering his interrogation transcript which resulted in his wrongful conviction. Plaintiff alleges that his criminal case would have been dismissed at the preliminary hearing but for defendants' actions. (ECF No. 1 at 5.)

Plaintiff further alleges that county prosecutor Jacobs falsified evidence, suppressed exculpatory evidence, and submitted tampered evidence prior to his trial. (ECF No. 1 at 6.) Public Defender Johnson further concealed exculpatory evidence from the state court during his preliminary hearing and during his interrogation. Plaintiff also alleges that Defender Johnson provided insufficient legal counsel by failing to challenge the prosecutions' *Brady v. Maryland* violations. (ECF No. 1 at 7.)

Plaintiff also challenges various rulings made by Judges Tauber and Getty during his preliminary hearing and trial. (ECF No. 1 at 8.) Lastly, Plaintiff challenges the assistance provided by his court appointed attorney on appeal and the rulings made by the First District

2

Court of Appeals. (ECF No. 1 at 11.)

A review of the Solano County Superior Court records indicate that Plaintiff was convicted of a felony in *People v. Evans*, Case No. FCR319582, on April 1, 2017. Further, the records from the First District Court of Appeals indicate that Plaintiff's appeal of that conviction is currently pending. See *The People v. Evans*, Case No. A154841.[1]

As relief, Plaintiff asks this Court to reverse his conviction, expunge his record, and award monetary damages in the amount of $5,000,000. (ECF No. 1 at 12.)

## III. Discussion

### 1. Abstention

As a preliminary matter, the Court finds that abstention is appropriate and therefore will recommend against exercising jurisdiction over Plaintiff's action.

"Younger abstention is a common law equitable doctrine holding that a federal court generally should refrain from interfering with a pending state court proceeding." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 669 (9th Cir. 2004) (citations omitted). Younger abstention is required if (1) state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994).

Plaintiff's state court proceedings are ongoing, as the appeal of the conviction is pending. That proceeding implicates important state interests and also provides an adequate opportunity for Plaintiff to raise federal questions. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be petitioner must await the outcome of his appeal before his state remedies are exhausted."). However, even if the Court did not abstain under *Younger*, Plaintiff's complaint would fail for the reasons set forth below.

### 2. Claims Against Officers Carlock, Brown and Hamilton are Duplicative

In his first claim for relief, Plaintiff alleges that officers Carlock, Brown, and Hamilton misrepresented and falsified evidence during Plaintiff's July 26, 2016, preliminary hearing. On

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. *See U.S. v. 14.02 Acres of Land*, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, *see Kasey v. Molybdenum Corp. of America*, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, *see Chandler v. U.S.*, 378 F.2d 906, 909 (9th Cir. 1967).

3

September 11, 2017, Plaintiff filed *Evans v. Suisun Police Department, et al.*, No. 2:17-cv-01889-KJM-CMK ("Evans I"). The complaint filed in Evans I also complains that Defendants Carlock, Brown, and Hamilton "misrepresented and falsified evidence" during Plaintiff's July 26, 2016 preliminary hearing. Evans I resulted in dismissal for Plaintiff's failure to state a claim (2:17-cv-01889, ECF Nos. 13, 16).

Because court records indicate that Plaintiff sued Defendants Carlock, Brown, and Hamilton in an earlier-filed action for "concealing, misrepresenting, and falsifying evidence as testifying officers at [his] preliminary hearing," Plaintiff may not bring this duplicative suit against Defendants Carlock, Brown, and Hamilton. Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dept. Of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (*quoting Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (*overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008)).

Accordingly, the Court recommends dismissing Defendants Carlock, Brown, and Hamilton with prejudice based on the duplicative nature of the allegations. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Adams v. California*, 487 F.3d 684, 692-93 (9th Cir. 2007) (dismissal of a duplicative lawsuit "promotes judicial economy and the comprehensive disposition of litigation" finding that a plaintiff is required to bring all claims that relate to the same transaction or event at one time), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008); *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (holding that a complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of then-numbered 28 U.S.C. § 1915(d)).

### 3. *Rooker-Feldman* Doctrine

To the extent that Plaintiff's complaint can be interpreted as a request that the Court review the state court proceeding, this Court lacks jurisdiction to do so. Federal courts lack jurisdiction to review or modify state court judgments under *the Rooker-Feldman* doctrine. *See*

4

*Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L. Ed. 2d 206 (1983). The *Rooker-Feldman* doctrine is based on Title 28 of the United States Code section 1257 which grants the United States Supreme Court jurisdiction to review decisions of the highest state courts for compliance with the federal Constitution. *See Rooker*, 263 U.S. 413, 44 S.Ct. 149, 68 L. Ed. 362; *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303. The doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998). "This is equally true in constitutional cases brought under [42 U.S.C.] § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts.'" *Gottfried*, 142 F.3d at 330 (citing 28 U.S.C. § 1738).

"Federal district courts lack subject matter jurisdiction to review such final adjudications or to exclude constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Valenti v. Mitchell*, 962 F.2d 288, 296 (3rd Cir. 1992) (*quoting Feldman*, 460 U.S. at 483, n. 16). This rule applies to '"inextricably intertwined' with final state court decisions, even if such inextricably intertwined" claims were not raised in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 483-487 and n. 16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362; *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (holding the *Rooker-Feldman* doctrine is jurisdictional). Thus, "a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994).

In sum, this Court does not have subject matter jurisdiction to review state court judgments.

**4.      The First District Court of Appeals is Not Amenable To Suit**

Plaintiff seeks to hold the First District Court of Appeals liable as a Defendant. The First

5

District Court of Appeals is an arm of the state and thus under the Eleventh Amendment cannot be sued in federal court. *See, e.g., Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (11th Amendment bars suit against state superior court and its employees); *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir.), *amended,* 127 F.3d 1135 (9th Cir. 1997) (state case law and constitutional provisions make clear that California Superior Court is a state agency); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (California municipal court is arm of state protected from lawsuit by 11th Amendment immunity); G*reater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 & n. 10 (9th Cir. 1987) (11th Amendment bars suit against Superior Court of State of California regardless of relief sought). Thus, Plaintiff's claims against the First District Court of Appeals fails to state a cognizable claim as to the appellate court.

### 5. Judges, Prosecutors and Public Defenders are Not Amenable to Suit

Additionally, Plaintiff is advised that the state court judges and prosecutors he names as Defendants are immune from liability under section 1983. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that judges and prosecutors are immune from liability for damages under section 1983). Thus, Plaintiff's claims against Judges Tauber and Getty under Section 1983 should be dismissed.

State prosecutors are absolutely immune when performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). That is, "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997). "Absolute immunity applies when 'initiating a prosecution' and 'presenting the State's case,' and during 'professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial . . . after a decision to seek an indictment has been made.'" *Garmon v. County of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016) (internal citations omitted). Hence, Plaintiff's claims against Defendants Llana Jacobs and John Schuck in their individual

capacity for money damages are barred by prosecutorial immunity and should be dismissed.

Moreover, in *Polk County v. Dodson*, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981), the United States Supreme Court held that public defenders do not act "under color of state law" when performing traditional lawyer duties. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Because a defendant must have acted under color of state law to be liable under the Civil Rights Act, 42 U.S.C. § 1983, a public defender is not a proper defendant in such action. Thus, Plaintiff's claim against Sara Johnson should be dismissed.

### 6. Habeas Corpus is Proper Remedy

Lastly, because Plaintiff's complaint can be interpreted as a challenge of the legality of his custody, Plaintiff is advised that his sole federal remedy is a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1245-48, 161 L. Ed. 2d 253 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 498 U.S. 1126, 111 S. Ct. 1090, 112 L. Ed. 2d 1194 (1991). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). "A claim . . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. at 488.

Plaintiff alleges that he would have never been convicted but for the Defendants' actions or inaction. Thus, success on his claim necessarily implies the invalidity of his criminal conviction. Given that there is no indication that Plaintiff's conviction has been invalidated or set aside, the claim is not cognizable pursuant to § 1983.

### IV. Conclusion and Recommendation

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed in its entirety without prejudice to Plaintiff's further pursuit of his claims in an appropriate action.

7

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 28, 2018**__          /s/ *Barbara A. McAuliffe* _
                                                UNITED STATES MAGISTRATE JUDGE